BANK OF WINONA v. AVERY et al.

*(District Court, N. D. Mississippi, W. D.  December 27, 1887.)*

COURTS—FEDERAL JURISDICTION—CITIZENSHIP—ACT OF MARCH 3, 1887.

Where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit may be brought in the district of the residence of either the plaintiff or defendant.

*(Syllabus by the Court.)*

On Motion to Dismiss.

*W. V. Sullivan*, for plaintiff.

*Calhoun & Green*, for defendants.

HILL, J.  The question now presented for decision arises upon defendant's motion to dismiss the suit, for want of jurisdiction, as provided in the first section of the act of congress, approved March, 3, 1887, amending the act of 1875, in relation to the jurisdiction of the circuit and district courts of the United States as to the district in which suits shall be brought, which section reads as follows as to where suits shall be brought: "No person shall be arrested in one district for trial in another, in any civil action before a circuit or district court, and no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district, than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of the plaintiff or defendant."  The plaintiff in this action is a citizen and resident of this district, and the defendants are citizens and residents of the state of Louisiana, but sued in this district.  This provision of this section has not yet been construed by the supreme court of the United States, which, when done, will settle the question for all the courts.  I am not aware of but two decisions of the circuit courts of the United States, so far undertaking to construe this provision, of this section,—the first of which is, the case of *Yuba Co.* v. *Mining Co.*, 32 Fed. Rep. 183.  The opinion in this case was delivered by Judge SAWYER, circuit judge, and concurred in by Justice FIELD, of the supreme court, and Judge SABIN, district judge of California, holding that under this provision of this section of the act of March 3, 1887, suit can only be brought in the district of the residence of the defendant.  The other case is that of *Fales* v. *Railway Co.*, 32 Fed. Rep. 673, decided by Judge SHIRAS, district judge of Iowa, in the circuit court of the Northern district of Iowa.  The high regard I entertain for the judicial opinions of the judges who decided the case in California, would cause me to hesitate long before coming to a conclusion differing from them, were it not that I am satisfied they overlooked the last clause of this portion of this section, which, it appears to me, contains an exception, or modification, of the first clause, where the jurisdiction is founded alone upon the fact that parties are citizens

of different states; it is either this, or the last clause is without meaning, and we are not to presume that congress would put in a statute a clause without intending to mean something by it. The argument in the opinion of Judge SHIRAS, in the Iowa case, which reviews the decision in the California case, is so conclusive, to my mind, that suit may be brought in the district of the residence of either the plaintiff or defendant, when the jurisdiction is only founded upon the citizenship of parties to the action, that I do not believe it can be successfully controverted, and therefore feel constrained to adopt this construction of this provision of the act of 1887. The result is that the defendants' motion to dismiss the cause must be overruled.